UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THOMAS CADE MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:25-cv-01071 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**PETITIONER'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

The Petitioner, Thomas Cade Martin, by counsel, Terry Tolliver, submits his *Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255*, and states as follows:

**Background**

On December 13, 2023, *Petition to Enter a Plea of Guilty and a Plea Agreement* in which Mr. Martin agreed to plead guilty to Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252A(a)(2)(B) and Possession of Visual Depictions of a Minor Engaged in Sexually Explicit Conduct, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).[1] The *Plea Agreement* did not set a specific sentence or sentence range for these offenses, but left it up for argument. On June 3, 2024, Mr. Martin was sentenced to a total of 275 months of imprisonment followed by twenty (20) years of supervised release.[2] Mr. Martin is presently housed at Thomson FCI, located in the Northern District of Illinois, with a projected release date of August 23, 2042.

---

[1] *USA v. Martin*, 1:23-cr-00193-JPH-MG, S.D. Ind., 2023), Crim Dkt. #42.
[2] Crim Dkt. #68, *Judgment in a Criminal Case*.

## LEGAL STANDARD

28 U.S.C. § 2255 permits a prisoner to request that his sentence be corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Whenever "an error of law . . . is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice" a defendant's § 2255 petition should be granted.[3]

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel.[4] Therefore, to have a viable § 2255 petition under *Strickland*, Mr. Martin must show that his attorney's performance was deficient and that he was prejudiced as a result.[5]

## ARGUMENT

**A. Mr. Martin's trial counsel was deficient when he failed to provide competent advice regarding Mr. Martin's plea agreement.**

The Sixth Amendment of the United States Constitution reserves the right and "entitles defendants entering plea agreements to effective assistance of counsel."[6] Specifically, "The Sixth Amendment right to counsel, of course, guarantees more than just a warm body to stand next to the accused during critical stages of the proceedings; an accused is entitled to an attorney who plays a role necessary to ensure that the proceedings are fair."[7] Also, "Due process requires that a guilty plea, to be valid, be made voluntarily, intelligently and knowingly."[8]

---

[3] *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quotation marks omitted).
[4] *See Strickland v. Washington*, 466 U.S. 668, 684-86 (1984).
[5] *See Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015).
[6] *United States v. Bownes*, 405 F.3d 634, 637 (7th Cir. 2005).
[7] *U.S. ex rel. Thomas v. O'Leary,* 856 F.2d 1011, 1015 (7th Cir. 1988).
[8] *Galbraith v. United States,* 313 F.3d 1001, 1006 (7th Cir. 2002).

To demonstrate this ineffective assistance of counsel standard in the context of a guilty plea, the petitioner must show that his counsel's advice regarding the plea was objectively unreasonable and that there is a reasonable probability that, but for the counsel's error, they would not have pleaded guilty but would have insisted on receiving a trial.[9] Moreover, the criteria regarding an attorney's advice on plea agreements have been defined as "A reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty."[10] Further, this analysis by counsel must be done in good faith.[11]

Here, Mr. Martin was not provided any of the discovery, nor did his trial counsel review the discovery with him. Mr. Martin was instead advised that by pleading guilty, his counsel would argue for a ten (10) year sentence.[12] Given the choice between a life sentence and a much lesser sentence, Mr. Martin unknowingly agreed to the plea agreement. However, the sentencing guidelines provide a better basis for the sentence Mr. Martin would likely receive if convicted. Thus, Mr. Martin was unlikely to receive a life sentence under the Guidelines, but still gave up his right to defend against the charges and appeal any negative result.

In *Gaylord v. United States,* 829 F.3d 500 (7th Cir. 2016), the court found that there was sufficient evidence to support that Gaylord's counsel was deficient during the plea agreement process. Gaylord's attorney failed to fully investigate his case and challenge the enhancement to his case because there was no evidence showing a but for cause of death from the drugs in the case, which was essential for the enhancement.[13] The court then found that this deficiency prejudiced

---

[9] *See Moore v. Bryant,* 348 F.3d 238, 241 (7th Cir. 2003).
[10] *Id.*
[11] *Id.*
[12] *See* Crim. Dkt. 63, *Defendant Thomas Cade Martin's Sentencing Memorandum*, p. 6.
[13] *Gaylord v. United States,* 829 F.3d 500, 507 (7th Cir. 2016).

Gaylord because he likely would not have pleaded guilty if he had known there was no evidence supporting the enhancement.[14]

Like in *Gaylord,* Mr. Martin's attorney failed to fully investigate the case and challenge elements of the charges Mr. Martin was facing. Both statutes require the defendant to "knowingly" distribute or possess child pornography. There was no evidence suggesting that Mr. Martin knew the minor's age.

As the 7th Circuit Court of Appeals has previously stated, "We have avoided requiring expert testimony in child pornography cases to establish an unidentified individual's status as a minor. We agree with other circuits that answering whether expert testimony is needed 'must be determined on a case by case basis.' In some cases, the question may be difficult and all but require the government to present expert evidence as part of carrying its burden of proving age beyond a reasonable doubt."[15]

Here, Mr. Martin met the minor on an adult dating app, Grindr. The Grindr terms of services states, "No persons under the age of eighteen (18) years (or the age of majority in places where eighteen (18) years is not the age of majority) are authorized to attempt, directly or indirectly, to view, download, possess, or otherwise use the Grindr services."[16] Along with this, Mr. Martin and the minor discussed age on several occasions, and the minor had lied to him, claiming he was eighteen (18). Again, the 7th Circuit Court of Appeals has stated, "Jurors are capable of drawing on their own perceptions to determine a subject's age because these types of assessments are "regularly made in everyday life."[17]

---

[14] *Id.* at 508.
[15] *United States v. Dewitt*, 943 F.3d 1092, 1096, 2019 WL 6335982 (7th Cir. 2019).
[16] https://www.grindr.com/terms-of-service
[17] *United States v. Dewitt*, 943 F.3d 1092, 1096, 2019 WL 6335982 (7th Cir. 2019).

All the evidence in this case pointed to Mr. Martin having a reasonable belief that the minor was of age, but his attorney did not challenge the charges, nor speak to the alleged victim to confirm Mr. Martin's version of events, and advised Mr. Martin to make a confession and plead guilty, like *Gaylord*.

Mr. Martin's counsel failed to fully investigate the case, learn all the facts present, and communicate a reasonable sentence that Mr. Martin may face to Mr. Martin, which is deficient. Due to this deficient performance, Mr. Martin did not enter into his plea agreement knowingly or voluntarily. This ultimately prejudiced Mr. Martin.

**B. Mr. Martin's counsel advised Mr. Martin to plead to the operative facts that supported the enhancements and otherwise failed to object to the *Presentence Investigation Report*. Ultimately, Mr. Martin did not receive a sentence that was sufficient, but not greater than necessary, to comply with the purposes of 18 USC § 3553.**

Despite the evidence supporting the defense that Mr. Martin was ignorant of the alleged victim's age, Mr. Martin was never given an opportunity to present this information to the Court or to a jury of his peers. Rather, Mr. Martin's counsel encouraged him to admit to the operative facts of the Government's case, thereby foregoing any defense. More importantly, Mr. Martin also gave up his appellate rights, which would have allowed him an additional opportunity to attack the Government's case if he were unsuccessful at trial.

Mr. Martin unwittingly agreed to several enhancements by entering into the *Amended Petition to Enter Plea of Guilty and Guilty Plea*.[18] Specifically, the United States Probation Department for the Southern District of Indiana found the following enhancements:

- The offense involved distribution to a minor that was intended to persuade, induce, entice, or coerce the minor to engage in any illegal activity. Pursuant to USSG §2G2.2(b)(3)(D), six levels are added.

---

[18] *See* Crim. Dkt. 55, *Amended Petition to Enter Plea of Guilty and Plea Agreement*, pp. 13-18.

- The defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. Pursuant to USSG §2G2.2(b)(5), five levels are added.

- The offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material. Pursuant to USSG §2G2.2(b)(6), two levels are added.

- The offense involved at least 300 images but fewer than 600. Pursuant to USSG §2G2.2(b)(7)(C), four levels are added.

- The offense involved a minor who had attained the age of 12 years but not attained the age of 16 years. Pursuant to USSG §2G2.1(b)(1)(B), two levels are added.

- The offense involved the commission of a sexual act or sexual contact. Pursuant to USSG §2G2.1(b)(2)(A), two levels are added.

- The defendant engaged in distribution. Pursuant to USSG §2G2.1(b)(3), two levels are added.

As stated above, Mr. Martin had evidence that would have provided reasonable doubt as to the operative facts alleged by the Government. However, in entering into the plea agreement, Mr. Martin gave up any opportunity to present this evidence to the factfinder. The age of the alleged victim is the primary issue in dispute in this case, yet Mr. Martin gave up his right to argue this point in exchange for minimal benefit. Even if Mr. Martin's counsel had advised him to merely preserve his right to argue those enhancements during sentencing, resulting in an additional eight (8) offense level points being added, Mr. Martin could have argued for a significantly less sentence. Losing the right to do so, without fully advising Mr. Martin of his sentencing exposure, ultimately prejudiced Mr. Martin.

In response to the Presentence Investigation Report, there were "No objections from defense counsel."[19] However, upon closer review, the *Presentence Investigation Report* included a Final Offense Level calculation that differed from what the parties agreed to as part of the

---

[19] *See* Crim. Dkt. 59, *Presentence Investigation Report*, p. 25.

*Amended Petition to Enter Plea of Guilty and Plea Agreement*.[20]  There is no evidence that Mr. Martin was advised of this discrepancy prior to proceeding to sentencing.  Mr. Martin's ultimate prison sentence was still in line with the original calculation of Offense Level 38 and Criminal History Category I (235-293 months), albeit at the higher end.  However, it is reasonable to conclude that since the Court sentenced Mr. Martin at the lower end of the Guidelines, it would have similarly done so with the agreed-upon lower Offense Level.  The increased offense level ultimately prejudiced Mr. Martin.

### C. But for his counsel's deficient performance and inaccurate advice, Mr. Martin would not have accepted the plea agreement.

To sufficiently show prejudice, the defendant must show "the outcome of the plea process would have been different with competent advice."[21] Mr. Martin made his decision to plead guilty without sufficient information. Had Mr. Martin been aware that there was a lack of evidence showing that he knew the age of the minor, Mr. Martin would not have pleaded guilty. Both statutes require the defendant to "knowingly" possess or distribute child pornography, so knowing the age of the person depicted is an essential element. Mr. Martin would have insisted on going to trial to challenge the charges against him if he had known the elements of the charges could likely not be established. Therefore, Mr. Martin was prejudiced by his counsel's deficient performance since he was denied an opportunity to have a trial.

## CONCLUSION

For the reasons set forth above, the Petitioner, Thomas Martin, prays this Court will vacate his initial plea agreement and order all other just and proper relief.

---

[20] *See* Crim. Dkt. 59, *Presentence Investigation Report*, p. 13 (Total Offense Level:  39) as compared to Crim. Dkt. 55, *Amended Petition to Enter Plea of Guilty and Plea Agreement*, p. 23 (Final Offense Level:  38).
[21] *Lafler v. Cooper,* 566 U.S. 156, 163 (2012).

                              Respectfully submitted,

                              BRATTAIN MINNIX TOLLIVER

By:   */s/ Terry Tolliver*
       Terry Tolliver, #22556-49
       1 Indiana Square, Suite 2625
       Indianapolis, IN 46204
       (317) 231-1750 x 4
       Terry@BMTIndy.com
       *Counsel for Petitioner Thomas Cade Martin*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of June 2025, a copy of the foregoing was filed electronically. Notice of this filing will be made available by operation of the Court's CM/ECF system.

                              */s/ Terry Tolliver*
                              Terry Tolliver